FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 DEC 20 AM 8:30
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIAM DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV 112-114 |
| CITY OF AUGUSTA, GA, DEKE ) | |
| COPENHAVER, BILL SHANAHAN, ) | |
| FRED RUSSELL, and HOWARD WILLIS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case *pro se*. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on October 16, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 6.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 7.)

I. **BACKGROUND**

Liberally construing Plaintiff's amended complaint, the Court finds the following.

Plaintiff names the following as Defendants: (1) City of Augusta, Georgia; (2) Deke Copenhaver, Mayor; (3) Fred Russell, City Administrator; (4) Bill Shanahan, Deputy Administrator; and, (5) Howard Willis, Chief of the Augusta Fire Department. (Doc. no. 7, pp. 1, 4.) Plaintiff alleges that a Captain retired from the Augusta Fire Department on January 31, 2011, and that Plaintiff "was the next candidate on the promotional list dated 8/25/2008." (Id. at 6.) Plaintiff avers that on February 1, 2011, however, Defendant Willis denied his promotion to Captain of the Augusta Fire Department. (Id. at 5.) Plaintiff asserts that he "was discriminated against because of [his] status as an African American male." (Id.)

According to Plaintiff, the "administration" previous to Defendant Willis's promoted three white Lieutenants to Captain off "expired lists," and Defendant Willis promoted one white Lieutenant "more than 2 years after the list had expired." (Id.) Plaintiff asserts that Defendant Willis "rewrote the policy then broke it knowingly because of his status as Fire Chief and department head." (Id.) Specifically, Plaintiff alleges that Defendant Willis stated that a test would be given every two years, but in 2006, promoted a white Lieutenant off of the "2003 list" in lieu of holding a test. (Id. at 6.) Plaintiff alleges that Defendant Willis "did not comply with his own policy" and, when asked why, stated that "the department did not have the budget to run another promotional test." (Id.) Plaintiff thus asserts that because "there was no budget for a new test," the 2008 list Plaintiff was on "should have been extended" as the 2003 list had been, because that list was used for "more than 3 years" when "it was only supposed to be valid for one year." (Id.)

Plaintiff avers that he named "the City of Augusta and it's [sic] agents" because "the matter was brought to them in a timely fashion and not only did they do nothing to fix the

2

problem, they backed [Defendant] Willis in every step of this process." (Id.) Plaintiff also alleges that "the City of Augusta and it's [sic] agents" violated the "Policy and Procedure Manual that was in place that stated that the EEOC Director's decision was the final word for the City of Augusta[.]" (Id.) Finally, Plaintiff asserts that Defendant Willis "was being investigated for mismanagement, nepotism, and corruption within his administration" and "was forced to resign only 9 months after [Plaintiff] first lodged [his] complaint." (Id.) Plaintiff requests as relief to be promoted to Captain "immediately with all rights and benefits of the people promoted off the list [he] was on," as well as back pay, punitive damages, a public apology, and "time served in rank" since February 1, 2011. (Id. at 5.)

## II. DISCUSSION

Plaintiff has attempted to state a Title VII claim against Defendants Copenhaver, Russell, Shanahan, and Willis for the actions described above. However, "[i]ndividual capacity suits under Title VII are . . . inappropriate." Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995) (quoting Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991))). Rather, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Id.

Moreover, where a plaintiff has named his employer as a defendant, any other party named as an agent of the employer (i.e., in his official capacity) may properly be dismissed, as any recovery will be obtained from the employer, making the agent an unnecessary party to the suit. See Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("[I]f a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named

3

in the complaint may be dismissed from the action."); see also Jamison v. City of Forsyth, Ga., No. 506-CV-399 (CAR), 2007 WL 1231663, at *1 (M.D. Ga. Apr. 26, 2007) (dismissing Title VII claims against mayor, city council members, police chief, and city clerk where plaintiff named city as defendant); Stewart v. Town of Zolfo Springs, Fla., No. 96-1142-CIV-T-25A, 1997 WL 689448, at *1 (M.D. Fla. Aug. 27, 1997) (where former police officer was pursuing Title VII claims and had named employer city as a defendant, claims against mayor and police chief in their official capacities were "redundant and improper").

Here, Plaintiff does not specify whether he seeks to proceed against Defendants Copenhaver, Russell, Shanahan, and Willis in their individual or official capacities. However, these Defendants should be dismissed from this action in either case, as they may not be sued in their individual capacities under Title VII and are subject to dismissal if sued in their official capacities in light of the fact that Plaintiff has named his employer, the City of Augusta, Georgia, as a Defendant.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Defendants Copenhaver, Russell, Shanahan, and Willis be **DISMISSED** from this case.[1]

SO REPORTED and RECOMMENDED this __ day of December, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously issued Order, the Court has directed that service of process be effected on Defendant City of Augusta, Georgia, based on Plaintiff's Title VII disparate treatment claim.

4